IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:07-CR-42-FL-4
NO. 7:09-CV-21-FL

| | |
|---|---|
| HOWARD LEE DELTS, JR., )<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>    Respondent. )<br>_____ ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This matter comes before the court upon the government's motion for summary judgment[1] **[DE-418]** *pro se* petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate") **[DE-409]**. Petitioner has not responded and the time for doing so has passed. Accordingly, the government's motion is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1) this matter is before the undersigned for the entry of a memorandum and recommendation. For the following reasons, it is **HEREBY RECOMMENDED** that the government's motion for summary judgment **[DE-418]** be **GRANTED** and petitioner's motion to vacate **[DE-409]** be **DENIED**.

**I. Background**

Petitioner was charged in an indictment on March 28, 2007 with conspiracy to

---

[1] The government styles its motion as a motion to dismiss or in the alternative a motion for summary judgment. Because both parties have attached affidavits, the court will treat this motion as a motion for summary judgment. *See* Fed. R. Civ. P 12(d) "[i]f on a motion . . . [to dismiss] . . . matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment."

1

distribute and possess with the intent to distribute more than 5 kilograms of cocaine **[DE-10]**. On September 12, 2007, petitioner pled guilty to conspiracy to distribute and possess with the intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. § 846. This guilty plea was memorialized in a plea agreement filed and approved by this court **[DE-181]**. Petitioner was sentenced on February 11, 2008 to a total of 176 months imprisonment and 5 years supervised release **[DE-305]**. Petitioner did not file a direct appeal. Accordingly, petitioner's conviction became final on February 11, 2008. U.S. v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) ("[The] conviction became final on the date upon which [petitioner] declined to pursue further direct appellate review.").

Finally, petitioner filed the instant motion to vacate on February 12, 2009 [DE-409].[2]

## II. Legal Standards and Analysis

### A. Summary judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted:

> against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.
> Celotex Corporation v. Catrett, 477 U.S.317, 322-323 (1986)

"[S]ummary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c);

---

[2]The envelope used by petitioner to mail his motion to vacate is stamped as "processed through special mailing procedures" by the institution where he is incarcerated, and is postmarked February 12, 2009 **[DE-409-3]**. The clerk's office received petitioner's motion to vacate on February 17, 2009 **[DE-409-3]**.

2

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 317; Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Specifically, the moving party bears the burden of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" that the moving party believes demonstrate an absence of any genuine issues of material fact. Celotex, 477 U.S. at 323. Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue which requires trial. Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). As a general rule, the non-movant must respond to a motion for summary judgment with affidavits, or other verified evidence, rather than relying on his complaint or other pleadings. Celotex, 477 U.S. at 324. *See also*, Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

    In the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. Anderson, 477 U.S. at 255. It is well-established that any analysis of the propriety of summary judgment must focus on both the materiality and genuineness of the fact issues. Ross, 759 F.2d at 364. The mere existence of some alleged factual dispute between the parties will not defeat a motion for summary judgment. Anderson, 477 U.S. at 247-48. A fact is material only when its resolution affects the outcome of the case. Id. at 248. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party.  Id.

**B.  28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 requires the petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . ."  28 U.S.C. § 2255(a).  Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations.  28 U.S.C. § 2255(f).  This limitation period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. §2255(f)(1-4).

In the instant, the latest applicable date is the date on which the judgment of conviction became final.  Petitioner's conviction became final on February 11, 2008 and thus he had until February 11, 2009 to file a timely motion to vacate pursuant to 28 U.S.C. § 2255.

4

However, petitioner's motion to vacate was not filed until February 12, 2009.[3]  *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing . . . ."). Thus, petitioner's motion to vacate is untimely on its face and must be denied unless it is eligible for equitable tolling.

The doctrine of equitable tolling generally is appropriate in two distinct situations - (1) where the petitioner was prevented from asserting his claims by some wrongful conduct on the part of the respondent; or (2) where extraordinary circumstances beyond the petitioner's control made it impossible to file his claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. Further, "any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Moreover, a litigant seeking equitable tolling also bears the burden of establishing that he has been diligently pursuing his claims. *See* Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Here, petitioner fails to assert any facts which would indicate that equitable tolling is

---

[3] The undersigned notes that in paragraphs 2a and 2b of the motion to vacate petitioner listed the date of the judgment of conviction and date of sentencing as February 11, 2008 **[DE-409]**, p. 1. In paragraph 18 petitioner listed the date of sentencing as February 12, 2008, **[DE-409]**, p. 10, and petitioner signed the motion to vacate using the date of February 11, 2008 **[DE-409]**, p. 11. The docket shows that the date of the judgment of conviction did in fact occur on February 11, 2008 **[DE-305]**.

appropriate in this matter. Petitioner submits to the court a memorandum for inmate population, dated February 5, 2009, which memorializes an institution lock-down **[DE-409-2]**. The lock-down followed an incident that occurred on February 3, 2009 **[DE-409-2]**. However, Petitioner does not provide details as to the length of the lock-down. Notably, in an unpublished opinion the Fourth Circuit has held that equitable tolling did not apply when a petitioner lacked access to his legal materials due to his transfer among several correctional facilities. United States v. Anderson, 2000 WL 1781614, * 1 (4th Cir. 2000)(*unpublished opinion*). Likewise, the fact that a prison was on lock-down, preventing access to the prison law library, does not establish extraordinary circumstances justifying equitable tolling. *See,* Davis v. United States, 2002 WL 32656623, * 2 (E.D.N.C. 2002), *quoting* United States ex rel. Ford v. Page, 132 F. Supp.2d 1112, 1115-1116 (N.D.Ill. 2001). Similarly, Petitioner has failed to establish that he was diligently pursuing his claim prior to the lock-down. Finally, petitioner was well aware of his one-year limitation period as evidenced by his request for an extension of time in December 2008 **[DE-398]**.[4]

Accordingly, the undersigned **RECOMMENDS** that petitioner's motion to vacate be denied on the grounds that it is time-barred.

**Conclusion**

For the aforementioned reasons, it is **HEREBY RECOMMENDED** that the government's motion for summary judgment **[DE-418]** be **GRANTED** and that petitioner's

---

[4]The court denied petitioner's request for a 60 day extension of time to May 11, 2008 **[DE-406]**, p.1., finding neither "the text of § 2255 [nor] relevant case law permit[ted] the court to extend the one-year statute of limitations which applies to . . .    § 2255 motions."

6

motion to vacate **[DE-409]** be **DENIED**.

**SO RECOMMENDED** in Chambers at Raleigh, North Carolina this 11th day of January, 2010.

_____
William A. Webb
U.S. Magistrate Judge

7

Case 7:07-cr-00042-FL   Document 454   Filed 01/11/10   Page 7 of 7