IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-42-FL-4
No. 7:09-CV-21-FL

| | | |
|---|---|---|
| HOWARD LEE DELTS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This action comes now before the court on motion of respondent to dismiss for failure to state a claim (DE # 418) and with benefit of a magistrate judge's prior review. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb issued memorandum and recommendation (M&R) (DE # 454), to which petitioner has objected (DE # 456). The issues raised are ripe for ruling. For the reasons that follow, respondent's motion is granted.

## BACKGROUND

On March 28, 2007, petitioner was indicted on one count of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine. On September 12, 2007, petitioner pleaded guilty to the conspiracy charge. As part of the plea agreement, petitioner agreed to waive certain rights to appeal or otherwise challenge his conviction and sentence. On February 11, 2008, petitioner was sentenced to 176 months imprisonment and five years of supervised release.

On February 11, 2009, petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255. In support of his motion, petitioner alleges the following: (1) the government amended the

indictment in breach of the plea agreement; (2) ineffective assistance of counsel for failure to challenge the drug type and quantity at sentencing; (3) error by the court in establishing the drug quantity; (4) ineffective assistance of counsel for failure to challenge the two point leadership enhancement;[1] and (5) ineffective assistance of counsel for failure to challenge petitioner's criminal history calculation at sentencing.[2] Petitioner's motion and supporting memorandum were postmarked February 12, 2009, and received by the court on February 17, 2009.

On April 1, 2009, respondent moved to dismiss petitioner's motion for failure to state a claim, arguing the motion was both untimely and otherwise lacked factual and legal support. On January 11, 2010, the magistrate judge issued M&R, which recommended petitioner's motion to vacate be dismissed as untimely. Petitioner timely objected.

## DISCUSSION

A.  Standard of Review

A district court may "designate a magistrate judge to submit ... proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). The court shall make a *de novo* determination of those portions of the M&R to which a party has filed objections. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

---

[1] In his petition, petitioner refers to the application of this enhancement as error. However, in his memorandum in support of his petition, he specifically alleges that the error was in counsel's failure to object to the enhancement. Thus, the court construes this ground as a subset of petitioner's ineffective assistance of counsel claim.

[2] Though this ground is not included in the petition, the court still addresses this argument as petitioner raises it in the memorandum in support of his petition.

2

B.   Timeliness of Petitioner's Motion to Vacate

Petitioner objects to the magistrate judge's finding that his petition was untimely. A motion to vacate sentence must be filed within one year from the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). A *pro se* prisoner's motion is considered filed at the moment it is handed to prison authorities for mailing to the court. Rules Governing Section 2255 Proceedings 3(d); see also Houston v. Lack, 487 U.S. 266, 276 (1988).

Here, petitioner was sentenced and judgment was entered on February 11, 2008. Petitioner signed his motion to vacate and supporting memorandum on February 11, 2009. The motion includes a provision to list the date the motion was placed in the institutional mailing system. Although plaintiff did not list the date on this blank, he executed the motion immediately below this provision, listing the date as February 11, 2009. The filings are postmarked February 12, 2009, and the filings were received by the court on February 17, 2009. Petitioner argues that his petition was timely filed because he placed the documents in the internal mailing system on February 11, 2009.

The court declines to adopt the recommendation in the M&R that petitioner's motion to vacate is untimely. Given petitioner signed the motion and supporting memorandum on February 11, 2009, and there is no other reason to question the veracity of the date, the court finds petitioner's motion was timely filed even if not postmarked until the next day. Thus, the court now turns to consider whether the timely petition should be dismissed on other grounds.

C.   Motion to Dismiss

A court considering a motion to dismiss for failure to state a claim must view the allegations in the light most favorable to the non-moving party. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, the complaint must contain "sufficient factual

3

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the factual content necessary to survive a motion to dismiss, the court does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (internal quotation marks and citations omitted).

1. Ineffective Assistance of Counsel Claims

To state a claim of ineffective assistance of counsel at sentencing, petitioner must satisfy a two-pronged test. See Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, petitioner must show that the representation he received fell below an objective standard of reasonableness. Id. at 688. This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing a reasonable probability that, but for counsel's errors, he would have achieved a different result. Id. at 691–92.

Here, petitioner asserts three bases for ineffective assistance of counsel at sentencing: failure to object to drug type and quantity; failure to object to the leadership enhancement; and failure to object to the calculation of petitioner's criminal history. As an initial matter, petitioner does not allege that his attorney failed to file an appeal that petitioner had requested on these matters. See United States v. Foster, 68 F.3d 86, 88 (4th Cir.) (discussing the different standards for failure to file

a requested appeal and general failure or decision not to appeal). Additionally, petitioner does not allege any facts in support that counsel's failure to object at sentencing fell below the reasonableness standard. Rather, he simply contends that counsel failed to object or challenge these matters and provides citation to various cases. However, without sufficient factual allegations, his motion to vacate fails.[3] In sum, petitioner has failed to adequately allege that counsel's conduct at sentencing fell below the reasonableness standard.

2. Claims Regarding Calculation of Drug Weight

Petitioner's remaining claims seek to overturn his conviction on the grounds that the government amended the indictment after the plea agreement and the court incorrectly calculated the drug type and quantity. Both of these objections relate to application of the relevant conduct provision of the sentencing guidelines to impose a sentence based on petitioner's distribution of cocaine base. See U.S.S.G. § 1B1.3. Petitioner contends that he pleaded to conspiracy to distribute five kilograms or more of cocaine, and as a result, he should have been sentenced regarding the weight of only powder cocaine. Petitioner contends the sentence should be set aside because it was in part based upon his distribution of cocaine base.

Without addressing the merit, if any, of these arguments, the court finds petitioner has waived any such challenge. Pursuant to the plea agreement, petitioner "knowingly and expressly" waived all rights to challenge the sentence imposed "including any issues that relate to the establishment of the advisory Guideline range," including "contest[ing] the conviction or sentence in a post-

---

[3]Moreover, even if petitioner had included such allegations, there is no basis in fact to support petitioner's first and second grounds as defense counsel objected both to the drug weight calculation and leadership enhancement at sentencing. As to the third objection, even if petitioner had included sufficient allegations, exclusion of these convictions would not result in a different criminal category.

5

conviction proceeding." As petitioner does not challenge that his plea was knowing and voluntary, he remains bound by it. Accordingly, petitioner has waived the right to contest the propriety of the guidelines and/or his sentence.

D.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds

6

first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable and that none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, the court SUSTAINS plaintiff's objection (DE # 456). Although the court rejects the reasoning in the M&R for the reasons provided herein, it ADOPTS the recommendation that respondent's motion be granted (DE # 454). Accordingly, respondent's motion to dismiss is GRANTED (DE #418), and petitioner's motion to vacate, set aside, or correct a sentence is therefore DENIED (DE # 409). Finally, a certificate of appealability is DENIED.

SO ORDERED, this the 3rd day of April, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge